United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**June 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50796
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHARON RENEE PRICE, also known as Sharon Price,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-195-3
--------------------

Before REAVLEY, WIENER and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Sharon Renee Price was found guilty by a jury of money
laundering and was sentenced to 235 months in prison.  On appeal,
she argues that the evidence was insufficient to establish venue
in the Western District of Texas.  Because Price failed to raise
a formal objection before or during trial, she has waived this
issue.  See United States v. Carreon-Palacio, 267 F.3d 381,
391-92 (5th Cir. 2001).

Price asserts that the district court erred in imposing a
six-level sentencing enhancement under U.S.S.G. § 2S1.1(b)(1)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based on a finding that she knew or believed that the laundered money constituted proceeds from the distribution of a controlled substance. She also assets that the district court improperly assessed a two-level enhancement under § 2S1.1(b)(3) by finding that she used "sophisticated means" in the laundering of the funds. She has not established that the district court committed clear error on either ground. See United States v. Miles, 360 F.3d 472, 481 (5th Cir. 2004); United States v. Castaneda-Cantu, 20 F.3d 1325, 1335 (5th Cir. 1994).

Price also contends that the district court failed to make adequate findings that she committed perjury at trial before imposing a two-level enhancement under U.S.S.G. § 3C1.1. She has not shown reversible error on this ground. See United States v. Dunnigan, 507 U.S. 87, 91, 94-95 (1993); United States v. Laury, 985 F.2d 1293, 1308-09 & n.20 (5th Cir. 1993). Consequently, the judgment of the district court is AFFIRMED.